IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Hooker,                                                                          Case No. 3:14CV1131

        Plaintiff

       v.                                                                                          **ORDER**

City of Toledo,

        Defendant

This is an employment discrimination case. Plaintiff James Hooker alleges that the defendant, the City of Toledo, violated Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* He claims that the City fired him because he is African-American and in retaliation for his filing of a complaint with the Ohio Commission on Civil Rights and the Equal Employment Opportunity Commission, alleging the City had not treated him equally with regard to promotion.

Jurisdiction exists under 28 U.S.C. § 1331.

Pending is defendant's motion for summary judgment. (Doc. 31). For the following reasons, I grant the motion.

**Background**

Hooker was an employee of the City of Toledo from November, 2000 to January, 18, 2013. Most recently he was a Construction Maintenance Worker in the City's Department of Public Utilities, Division of Sewer and Drainage Services. (Division). Throughout the course of

his employment with the City, plaintiff was a member of AFSCME Local 7, the union representing City workers.

On September 8, 2009, Kelly O'Brien became the Manager of the Division. O'Brien was plaintiff's supervisor and had the authority to discipline him. Although the parties dispute the extent of plaintiff's disciplinary history before O'Brien became his supervisor, plaintiff admits O'Brien's predecessor disciplined him at least once.

In Fall, 2010, a Sewer Construction and Repair Worker (SC&R) position opened in the Division. O'Brien promoted Leroy Mann, an African-American, to this position instead of plaintiff, even though Mann had less seniority than plaintiff. Plaintiff's union successfully grieved this promotion, and the City removed Mann from the position.

After Mann's demotion, O'Brien promoted two white employees to the SC&R position. Neither of those employees was qualified for the position when it had opened in Fall, 2010, because neither had a Class A commercial driver's license. By the time of their promotion, however, both white employees had earned that license. Moreover, both employees had more seniority than plaintiff, and thus were more qualified for the position.

On March 8, 2011, O'Brien promoted plaintiff to the next open SC&R position, as he was on the top of the seniority list.

On February 7, 2011, O'Brien disciplined plaintiff for using the City's equipment to plow snow from the street in front of his personal residence and for causing damage to another citizen's vehicle while doing so. Plaintiff admitted he was wrong to do so and deserved discipline for the incident, but argued that the discipline was too severe. O'Brien placed plaintiff in step two of the Progressive Discipline Procedure (PDP), suspended him for ten days without pay, and extended his probation period in his new position by 960 hours.

On July 27, 2011, O'Brien disciplined plaintiff for failing to require his crew to use a shoring box as a safety precaution. Although plaintiff's misconduct caused no injuries, O'Brien believed it had created a very dangerous situation. O'Brien therefore placed plaintiff in step three of PDP, suspended him eleven days without pay, and demoted him from his SC&R position back to his old Sewer Maintenance Worker position.

On February 21, 2012, O'Brien disciplined plaintiff for causing damage to a citizen's vehicle, although plaintiff denies hitting or causing damage to the vehicle. Before the City could hold a hearing regarding that incident, plaintiff failed a random drug test by testing positive for marijuana.

O'Brien treated these two incidents as a single incident in determining how to discipline plaintiff – a decision that plaintiff admits helped him avoid immediate termination of his employment. O'Brien ultimately: 1) placed plaintiff on a Last Chance Agreement (LCA), effective through April 4, 2015, that allowed the City to fire plaintiff for any major or minor infraction committed while the LCA was in effect; 2) suspended him for twenty days without pay; 3) and made him ineligible for promotion while the LCA was in effect.

On April 30, 2012, plaintiff filed charges with the OCRC and the EEOC, alleging O'Brien discriminated against him on the basis of race. O'Brien received a letter from the OCRC notifying her of the charges filed against defendant. In March, 2013, the OCRC determined there was no probable cause to issue an administrative complaint and dismissed the charge. The EEOC concurred and issued plaintiff a right to sue letter in February, 2014.

On December 13, 2012, defendant fired plaintiff for damaging a City truck. Plaintiff claimed that the damage was only the loss of mud flaps and argued that they were lost due to poor design of the vehicle and that he did nothing wrong.

The City held a disciplinary hearing before an Administrative Hearing Officer in accordance with the CBA, and the Hearing Officer determined plaintiff violated the LCA and recommended his termination to the Mayor. The Mayor's office affirmed the AHO's recommendation and fired plaintiff.

Thereafter, the City hired Andre Jude, an African-American, to replace plaintiff.

## Standard of Review

I must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id*. at 323.

The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving part to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its positions. *Celotex* at 324.

In deciding the motion for summary judgment, I accept the evidence of the nonmoving party as true, resolve all doubts against the nonmoving party, construe all evidence in the light most favorable to the nonmoving party, and draw all inferences in the nonmoving party's favor. *Eastman Kodak Co. v. Image Tech. Servs.,* 504 U.S. 451, 456 (1992). I may grant summary

4

judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue of material fact exists and the law entitles the movant to summary judgment. *Celotex, supra*, 477 U.S. at 323.

## Discussion

Plaintiff claims defendant failed to promote him and fired him based on his race. Plaintiff also alleges defendant fired him in retaliation for filing an OCRC/EEOC charge. Finally, plaintiff alleges the City violated 42 U.S.C. § 1981 by discriminating against him on the basis of race.

### 1. Race Discrimination

Under the *McDonnell Douglas* approach, the plaintiff must first establish a *prima facie* case of discrimination. To make out a *prima facie* case, the plaintiff must show he: 1) is in a protected class; 2) suffered an adverse employment action; 3) was qualified for the job to which he sought promotion; and 4) was replaced by a non-African-American person or was treated differently than similarly situated non-African-American employees. *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).

Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to give a legitimate, nondiscriminatory reason for its actions. *Burzynski v. Cohen,* 264 F.3d 611, 622 (6th Cir. 2001).

If defendant gives such a reason, plaintiff must then demonstrate by a preponderance of the evidence that defendant's proffered reason was a pretext for discrimination. *Id.* A plaintiff may establish pretext by showing that the reason offered by the defendant: 1) has no basis in fact; 2) did not actually motivate the decision to terminate plaintiff; or 3) was insufficient to warrant the decision to terminate plaintiff. *Zambetti v. Cuyahoga Cmty. Coll.,* 314 F.3d 249, 258 (6th Cir. 2002).

Here, no reasonable jury could find plaintiff made out a *prima face* case respecting O'Brien's decision not to promote him in Fall, 2010. This is so because the evidence is undisputed the person who received the promotion, Mann, was, like plaintiff, an African-American.

However, a reasonable jury could find plaintiff established a *prima facie* case on his claim O'Brien held the SC&R position open to allow two white employees to qualify for the position because: 1) plaintiff is an African-American; 2) the City did not immediately promote him; 3) he was qualified for the promotion to SC&R; and 4) the City promoted two white employees.

That said, plaintiff is not entitled to a jury trial on this claim because the evidence is undisputed defendant articulated a legitimate, non-discriminatory reason for its action: the two white employees, being more senior to plaintiff and having obtained their commercial driver's licenses, had become more qualified for the SC&R position than plaintiff.

The Department of Human Resources prescribed the qualifications for the position, not O'Brien. Plaintiff points to a coworker's alleged statement to show animus on O'Brien's part, but that evidence is inadmissible hearsay. Thus, plaintiff has no admissible evidence to establish pretext.

Plaintiff also claims that O'Brien discriminated against him when she fired him. Although plaintiff has established a *prima facie* case of discrimination, he has not met shown that a reasonable jury could find the City's legitimate, nondiscriminatory reason for firing him – his violation of the LCA – was pretextual.

Plaintiff was a union member during his entire employment with the City. The City followed the PDP procedure, which the Union and the City had agreed to in the CBA, and

6

plaintiff had proper Union representation each time he faced discipline. After several disciplinary infractions, plaintiff had the option of signing an LCA, and he did so voluntarily. Importantly, the LCA gave the City the authority to fire plaintiff for any infraction, no matter how trivial. Plaintiff violated his LCA by causing damage – arguably very minor – to a City vehicle; his having done so entitled the City under the LCA to fire him.

An LCA is just that – an acknowledgement by the employee that he has one last chance to keep his job, and that any violation of work requirements, even one that, in relative terms, is otherwise inconsequential, will lead to dismissal.

In these circumstances, no reasonable jury could find the City's reliance on the LCA was pretextual. All plaintiff can show in response to the City's reliance on the LCA are his own personal and inchoate feelings that O'Brien was out to get him because he is African-American, and inadmissible contentions about O'Brien's allegedly discriminatory statements.

Plaintiff also alleges that O'Brien treated white employees more favorably than African-American employees. But here, too, plaintiff merely relies on what other employees allegedly told him about misconduct by white employees, and what discipline those employees did or did not face.

Nor has plaintiff offered any evidence showing a white employee had an LCA with more favorable terms than plaintiff's LCA, or that a white employee violated an LCA but kept his job.

Likewise, plaintiff cannot show defendant's legitimate, non-discriminatory reason was insufficient to explain its decisions. *Manzer*, *supra*, 29 F.3d at 1083. Plaintiff has not shown that under the CBA or otherwise violation of an LCA fails to lead to termination.

### 2.  Retaliation

To establish a *prima facie* case of retaliation, plaintiff must demonstrate: 1) he engaged in activity protected by Title VII; 2) O'Brien knew of his exercise of those protected rights; 3) O'Brien subsequently took an adverse employment action against him or subjected him to "severe or pervasive" retaliatory harassment; and 4) there was a causal connection between plaintiff's protected activity and the adverse employment action. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009).

A plaintiff can show a causal link "by either of two methods: 1) through direct evidence; or 2) through knowledge coupled with a closeness in time that creates an inference of causation. However, temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence." *Parnell v. West,* 1997 WL 271751, *2 (6th Cir. 1997).

Plaintiff cannot meet the fourth element of his retaliation claim, because he fails to show anything other than temporal proximity, thus failing to make a *prima facie* case for retaliation.

Seven and a half months passed between the filing of plaintiff's charge and his firing. The mere fact that the allegedly retaliatory termination took place seven and a half months after the OCRC/EEOC charge is insufficient to establish the connection in light of the City's documented, legitimate, and non-discriminatory reasons for firing plaintiff. *Hibbler v. Reg'l Med. Ctr.*, 12 F. App'x. 336, 340 (6th Cir. 2001).

Furthermore, plaintiff admits that he understood the City fired him for an infraction that his LCA prohibited. In an attempt to show pretext, plaintiff relies only on the same inadmissible hearsay as was insufficient to prove his discrimination claim. Because plaintiff fails to show that

8

a reasonable jury could find defendant fired him in retaliation for filing the administrative charges, summary judgment is proper for this claim.

### 3. Race Discrimination Under 42 U.S.C. § 1981

Section 1981's implicit cause of action does not extend to suits brought against state actors, such as the City. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732-33 (1989); *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008). As a result, summary judgment is proper for this claim.

### Conclusion

It is, accordingly,

ORDERED THAT defendant's motion for summary judgment (Doc. 31) be, and the same herby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge